PEOPLE v. CARLTON.

1. CRIMINAL LAW—VOLUNTARY CONFESSION—GUILTY PLEA.
   Claim that plea of guilty was based upon an illegal and involuntary confession to crime of breaking and entering in the nighttime failed, where trial court's finding on remand to determine voluntariness of confession that it had been made voluntarily is supported by the record (CL 1948, § 750.110).

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 485.
[2, 3] 21 Am Jur 2d, Criminal Law § 248.

2'. SAME—DURATION OF DETENTION—UNNECESSARY DELAY IN AR-
RAIGNMENT.

    Detention in police custody without taking defendant before a
magistrate is unlawful under the statute where the delay is`
unnecessary and where the manifest purpose of the delay is
that of "sweating" a confession after officers are fully enabled
to complain and arraign according to requirements of said
statutory provisions (CL 1948, §§ 764.13, 764.26).

3. SAME—DURATION OF DETENTION.

    Defendant's claim that his detention in police custody for 75 hours
following arrest without a warrant before arraignment was
illegal and that his confession was unlawfully obtained *held,*
without merit, since the cause of his continued detention, the
absence of the police officer in charge of the investigation
and the intervention of a weekend during which court was
not open, were not done for prolonged interrogatory purposes
without proven justification for the delay (CL 1948, §§ 764.13,
764.26).

Appeal from Bay; Dardas (Leon R.), J.   Sub-
mitted Division 3 March 8, 1966, at Grand Rapids.
(Docket No. 1,256.)   Decided November 9, 1966.

Kenneth Carlton, Jr., was convicted of breaking
and entering in the nighttime.   Motion for permis-
sion to withdraw plea of guilty denied.   Defendant
appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *John C. Leaming,*
Assistant Prosecuting Attorney, for the people.

*Peter J. Carras,* for defendant.

FITZGERALD, P. J.   Defendant Carlton pleaded
guilty December 20, 1960 to breaking and entering
in the nighttime* in Bay county circuit court.   On
January 10, 1961, he was placed on five years'

---

* CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305).

probation. On September 10, 1963, he was found guilty of probation violation (absconding from the State) but probation was reinstated. On August 31, 1964, he was again before the court for violation of probation (absconding from supervision). Defendant waived hearing, admitted the charge, and was sentenced to 3 to 15 years.

Application for delayed appeal was filed in this Court by appointed counsel March 2, 1965. The application alleged the following grounds for appeal: (1) that defendant did not receive a copy of the probation violation charges; (2) the charge of absconding from supervision was not explained to the defendant; (3) that the transcript of the December 20, 1960, arraignment did not contain a verbatim record of the reading of the information; (4) that defendant was not represented by counsel at the December 20, 1960, arraignment. The application for delayed appeal was denied by the third district March 29, 1965.

On April 10, 1965, appointed counsel filed an application for leave to appeal from this Court's decision in the Supreme Court. This likewise presented four grounds for appeal, only one of which was raised before the Court of Appeals (that the defendant did not receive a copy of the probation violation charged). The other grounds, raised for the first time, were: (1) that defendant was detained 75 hours before being arraigned before a magistrate on the breaking and entering charge; (2) that defendant's plea of guilty to that charge was extorted by mental coercion and undue influence by police officers during said detention; (3) that the warrant for defendant's arrest was defective in that the complainant had no personal knowledge of the facts upon which it was based.

The application before the Supreme Court raised new issues not presented to the Court of Appeals

despite the fact that (1) it was filed only a little over a month after the application to the Court of Appeals; (2) counsel was the same on both applications; (3) the affidavit of counsel filed in the Court of Appeals stated that "all possible grounds for appeal have been considered."

It should also be noted that the pleadings before the Court of Appeals contained no mention of the facts upon which the new Supreme Court issues were based, amounting to a saving of issues which can hardly be lauded as exemplary appellate practice.

The Supreme Court remanded the case to the trial court to determine the voluntariness of defendant's confession and his plea of guilty. The lower court was instructed to vacate the sentence and plea of guilty, if, after hearing, he determined that the plea was involuntarily made. The order also provided that the order of the lower court would constitute a final judgment for purposes of review.

On July 30, 1965, Bay Circuit Judge Leon R. Dardas found the confession voluntary and denied permission to withdraw the plea of guilty. Timely claim of appeal was made to this Court pursuant to the Supreme Court order.

This is not the first time this Court has reviewed a trial court's determination upon the sort of record presented here. In *People* v. *Daniels* (1966), 2 Mich App 395, a similar record was presented following remand to inquire into the voluntariness of a confession. There the defendant claimed he had not been advised of his rights and had been promised leniency in the course of the interrogation. This Court noted that at the hearing the defendant's testimony was in direct conflict with the people's witnesses as to the facts concerning the interrogation and circumstances surrounding the confession (2 Mich App at 397). The trial court's determination of voluntariness, being supported by the record,

was affirmed. (2 Mich App at 404). A study of the record before the trial court in the instant case commands the same conclusion herein.

There remains defendant's claim that his detention in police custody for 75 hours was illegal and thus his confession was unlawfully obtained under *People* v. *Hamilton* (1960), 359 Mich 410. The thrust of *People* v. *Hamilton* is embodied in the following quotation therefrom (p 416):

"Hamilton's continued detention was unwarranted and so unlawful under these sections [CL 1948, § 764.13 (Stat Ann 1954 Rev § 28.872) and CL 1948, § 764.26 (Stat Ann 1954 Rev § 28.885)]. It was unlawful because the delay was unnecessary, and unlawful because its manifest purpose was that of 'sweating' a confession after officers were fully enabled to complain and arraign according to the requirements of said section 26 [CL 1948, § 764.26, *supra*]. His unjustifiably continued detention, coupled as it was with undisputed proof that counsel engaged for him was, during such detention, refused even limited conference, amounted to a denial of due process."

In the instant case, the record does not reveal facts sufficient to show an unnecessary delay caused without proven justification for prolonged interrogatory purposes.

A reading of *Hamilton,* and of subsequent cases interpreting and explaining it, leads to the conclusion that it is unnecessary delay in arraignment "when done for prolonged interrogatory purposes without proven justification for the delay" which renders unlawful a confession made during such a period. *People* v. *Hamilton, supra,* at 417; *People* v. *McCager* (1962), 367 Mich 116 at 119; *People* v. *Ubbes* (1965), 374 Mich 571 at 576 (per O'HARA, J.)

and at 587 (per SOURIS, J.).   No such facts appear here.

Affirmed.

BURNS and J. H. GILLIS, JJ., concurred.