PEOPLE v. WALKER.

1. CRIMINAL LAW — CONFESSION — VOLUNTARINESS — APPELLATE REVIEW—STANDARD.

Standard of appellate review to be applied to determination by trial judge, sitting without jury, that criminal defendant's confession was voluntary, is that provided by rules of civil procedure, that is, whether or not findings of fact were clearly erroneous (GCR 1963, 517.1, 785.1).

2. SAME—ARREST—DETENTION—PAROLE VIOLATION—LEGALITY.

Detention of defendant, arrested without warrant on probable cause for charge of robbery on Saturday morning and held and questioned over weekend, whose application for writ of *habeas corpus* was dismissed after hearing on following Monday afternoon, *held*, a legal detention from time his parole officer placed a "hold" on him at *habeas corpus* hearing for parole violation, pursuant to statute (CLS 1961, § 791.239).

3. SAME—CONFESSION—VOLUNTARINESS—EVIDENCE.

Record on appeal from determination of trial court, after a testimonial hearing on issue of voluntariness of confession to

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 29 Am Jur 2d, Evidence §§ 582, 590.
[2] 5 Am Jur 2d, Arrest § 75.

first-degree murder, *held,* not to justify holding that trial
court's finding the confession had been voluntarily made was
clearly erroneous, in view of the trial court's special oppor-
tunity to judge the credibility of witnesses who appeared,
despite some evidence in record to support defendant's claim
that he was mistreated during his detention and interrogation
(CL 1948, § 750.316).

Appeal from Recorder's Court of the City of
Detroit; Ricca (John A.), J. Submitted Division 1
February 8, 1967, at Detroit. (Docket No. 891.)
Decided April 25, 1967. Leave to appeal denied
October 4, 1967. See 379 Mich 781.

Lee Dell Walker was convicted of first-degree mur-
der. Upon rehearing of his appeal, the Supreme
Court remanded the case to the Recorder's Court of
the City of Detroit for a hearing on the issue of vol-
untariness of his confession. Confession determined
to be voluntary. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-
pellate Lawyer, and *Angelo A. Pentolino,* Assistant
Prosecuting Attorney, for the people.

*Albert Best,* for defendant.

Quinn, J. Pursuant to the opinion in *People* v.
*Walker* (1965 on rehearing), 374 Mich 331, the trial
judge held an extensive hearing to determine the
voluntariness of defendant's confession which was
admitted in evidence at his trial for murder. Fol-
lowing the hearing, the trial judge filed his written
opinion finding the confession voluntary and affirm-
ing the conviction of defendant for first-degree mur-
der.

Defendant appeals and raises 2 questions, namely:

"Did the trial court abuse its discretion in finding appellant's confession voluntary? Was the hearing on confession consistent with due process and soundly conducted, and did it bring about a fairly determined decision on voluntariness of confession?"

Although plaintiff accepts these as the questions involved, this Court does not. We have reviewed "Walker" hearings 3 times to date, *People v. Daniels* (1966), 2 Mich App 395, *People v. Roberts* (1966), 3 Mich App 605, and *People v. Carlton* (1966), 5 Mich App 20. In *Daniels* and *Carlton,* the question to be determined was similar to the question here presented, namely: does the record of the "Walker" hearing support the finding of the trial judge that the confession involved was voluntary. *Roberts* involved issues not presented here. In *Daniels* and *Carlton,* this Court found the record supported the trial judges' findings of voluntariness and affirmed, but in our opinion, the appropriate test to be applied in reviewing "Walker" hearings is not adequately stated in either *Daniels* or *Carlton.*

On such a hearing, the finding of voluntariness or involuntariness is a finding of fact by a judge sitting without a jury. GCR 1963, 785.1(1) makes the rules of civil procedure applicable to criminal cases "except as otherwise provided by rule or statute, and except when it clearly appears that they apply to civil actions only, or where statutes or special court rules provide a different procedure." We find nothing to indicate that any of the noted exceptions are applicable to the situation before us and conclude that GCR 1963, 517.1 controls. The latter rule provides, "findings of fact shall not be set aside unless clearly erroneous."

Here, as in *Carlton, supra,* there are 2 facets to defendant's attack on the propriety of the trial court's finding that the confession involved was vol-

untary. First, defendant says this record discloses a prolonged unlawful detention of defendant for the purpose of interrogation which ended with the confession involved, and under *People* v. *Hamilton* (1960), 359 Mich 410, it was inadmissible. Second, the facts in the record of the "Walker" hearing do not support the finding of voluntariness.

The facts leading up to defendant's arrest, that arrest for investigation on a charge of robbery and what occurred between the arrest and arraignment 9 days later on a charge of murder are detailed in *People* v. *Walker* (1963), 371 Mich 599, and will not be repeated here. Suffice it to say that that decision ended in an evenly divided Court on the question of the legality of defendant's detention, 4 Justices holding the detention legal and that *Hamilton, supra,* did not apply, and 4 Justices reaching the opposite result. Not present then but present now is a fact we consider controlling. On the Monday following defendant's arrest on Saturday, his parole officer placed a hold on defendant for parole violation. Prior violations and the current arrest gave the parole officer reasonable grounds to believe defendant had violated his parole and he was authorized to order the hold by CLS 1961, § 791.239 (Stat Ann 1954 Rev § 28.2309). We conclude defendant's detention was lawful, and that *Hamilton, supra,* is not applicable.

In addition, the Supreme Court in *Hamilton, supra,* at page 419, stated,

"We can and should deal with such a situation prospectively under our supervisory powers."

This was nearly 6 years after defendant's conviction in 1954. Unless we find other reason for holding the trial judge's finding of voluntariness clearly erroneous, a ruling that defendant's confession was inadmissible under *Hamilton, supra,* would avail de-

fendant nothing. *People* v. *Besonen* (1966), 4 Mich App 131.

Defendant argues rather persuasively that since the trial judge apparently relied strongly on *Davis* v. *North Carolina* (CA 4, 1964), 339 F2d 770, in reaching his decision, and that case was reversed in *Davis* v. *North Carolina* (1966), 384 US 737 (86 S Ct 1761, 16 L ed 2d 895), we must reverse. We find *Davis* to be distinguishable factually from *Walker* and to be not controlling. In *Davis,* the United States Supreme Court found the confession inadmissible because Davis' will was overborne by the sustained pressures on him. Davis was of low mentality and was questioned periodically for 16 days. No claim is made here that Walker is not of normal intelligence and he was questioned on the murder with which his confession deals for about 8 hours.

While the record before us contains evidence from which defendant can legitimately argue that he was mistreated during his detention and interrogation, that he so claimed at the time, that he was not fed, that he was held incommunicado, et cetera, a review of the entire record does not convince us that the trial judge's findings to the contrary were clearly erroneous. Following the statement of the clearly erroneous rule in GCR 1963, 517.1 is the statement, "In the application of this principle regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it." Here the trial judge carefully pointed out that his findings were based on the credible testimony and he further pointed out the incredible testimony and why he considered it to be incredible. If we are to pay more than "lip service" to the rule requirement that "regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appeared be-

fore it," we cannot hold the trial court's findings to be clearly erroneous.

   Affirmed.

   LESINSKI, C. J., and BURNS, J., concurred.