PEOPLE *v.* OVERALL.

1. SEARCHES AND SEIZURES—ADMISSIBILITY OF EVIDENCE—REASON-ABLENESS—CONSENT.

Consent to the search of the room of a criminal defendant, made by the owner of the premises, is not binding upon a criminal defendant, and where such search is made without a warrant, and evidence seized as a result thereof is inadmissible in evidence against the defendant (US Const, Am 4; Mich Const 1908, art 2; § 10, as amended).

2. SAME—STATUTES—RIGHT OF PAROLE OFFICER.

A parole officer has no statutory authority to search the domicile of a parolee without a search warrant (US Const, Am 4; Mich Const 1908, art 2, § 10, as amended; PA 1953, No 232, § 38).

3. SAME—PAROLEES.

Status as parolee for an unrelated crime does not strip one of all his civil rights and constitutional safeguards against unreasonable search and seizure (US Const, Am 4; Mich Const 1908, art 2, § 10, as amended; PA 1953, No 232, § 38).

4. SAME—REASONABLENESS—PAROLE OFFICER—ADMISSIBILITY OF EVIDENCE—STATUTES.

Claim by the people that items seized during a search of defendant's room without his consent and without a search warrant were properly admissible in evidence against defendant, charged with second-degree murder, because defendant was

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 418 *et seq.;* 47 Am Jur, Search and Seizure § 72.
[2–5] 47 Am Jur, Search and Seizure § 16.
Lawfulness of nonconsensual search and seizure without warrant, prior to arrest, 89 ALR2d 715.

then on parole and the search was made in the presence of his parole officer *held*, without merit, since imprisonment for an unrelated crime does not strip one of all his civil rights and constitutional safeguards against unreasonable search and seizure, and a parole officer has no authority to conduct an unreasonable search (US Const, Am 4; Mich Const 1908, art 2, § 10, as amended; PA 1953, No 232).

5. SAME—REASONABLENESS—ADMISSIBILITY OF EVIDENCE—ERROR—RIGHT OF PAROLE OFFICER.

Admission into evidence against defendant, charged with second-degree murder, of a .380 automatic gun barrel, a homemade syringe, and 3 syringe needles, seized as the result of a search of defendant's room with the consent of his grandmother, who owned the house in which he lived, but without the consent of defendant and without a search warrant *held*, reversible error, necessitating remand of case for new trial, even though the search was made in the presence of defendant's parole officer, since the consent of his grandmother to the unreasonable search and seizure was not binding on defendant and his imprisonment for an unrelated crime did not strip him of his civil rights and constitutional safeguard against unreasonable searches and seizures so as to allow an unreasonable search by his parole officer (US Const, Am 4; Mich Const 1908, art 2, § 10, as amended; CL 1948, § 750.317; PA 1953, No 232, § 38).

Appeal from Oakland; Ziem (Frederick C.), J. Submitted Division 2 April 4, 1967, at Lansing. (Docket No. 2,439.) Decided June 13, 1967. Application for rehearing withdrawn July 7, 1967.

M. Allan Overall was convicted of second-degree murder. Reversed and remanded for new trial.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *S. Jerome Bronson*, Prosecuting Attorney, *Robert W. Leutheuser*, Chief Appellate Counsel, and *Raymond James Hand*, Assistant Prosecuting Attorney, for the people.

*James E. Nichols*, for defendant.

QUINN, P. J.  By jury verdict, defendant was convicted of second degree murder[1] and was sentenced February 27, 1962, to prison for a term of 15 to 40 years.  By this appeal, defendant questions the propriety of admitting in evidence a .380 automatic gun barrel, allegedly obtained by illegal search, and the denial of his motion for dismissal at the close of plaintiff's proofs on the basis a prima facie case had not been established.  Prior to trial, defendant moved to suppress the above evidence, a hearing was had thereon, testimony was taken, and the motion was denied.

March 16, 1961, Richard White died of a gunshot wound inflicted on that date by a .380 caliber pistol. Testimony taken at the preliminary examination and on the motion to suppress disclosed that subsequent to March 16, 1961, police received information indicating defendant was involved in an armed robbery in which a .380 caliber automatic was used, that such a weapon had been seen in a bedroom occupied by defendant and another in a residence owned by defendant's grandmother, that heroin had been found at the scene of the White shooting, and that defendant was a user of heroin.  Possessed of the foregoing information, 2 police officers and defendant's parole officer went to the grandmother's residence September 15, 1961, to arrest defendant for murder; they did not have a warrant for defendant's arrest nor a search warrant.  About 10 a.m. of September 15, 1961, the officers placed the residence in question under surveillance but without covering the rear door.  This continued until about 10 p.m., when the officers went to the door of the residence, knocked and inquired of defendant's father, who answered the door, if defendant was there.  Receiving a negative answer, they asked permission to look

---

[1] CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549).

through the house. The father referred the officers to the grandmother for an answer to this request. It is disputed whether she granted this permission, but the bedroom occupied by defendant and another was searched and a .380 automatic gun barrel, a homemade syringe and 3 syringe needles were found. Ballistic tests indicated the bullet taken from White's body and a bullet from a wall at the scene of White's shooting had been fired through the gun barrel obtained by this search. A warrant for defendant's arrest was issued September 18, 1961, and he was later apprehended in Ohio.

Defendant contends that even if the grandmother authorized the search, such authorization is not binding on him, citing *Stoner* v. *California* (1964), 376 US 483 (84 S Ct 889, 11 L ed 2d 856). *Stoner, supra,* supports the contention as does *People* v. *Kaigler* (1962), 368 Mich 281. There is no showing here that defendant waived his right not to be subject to unreasonable search or that he consented to the search.[2]

The plaintiff seeks to justify the search on the basis that defendant was on parole, his parole officer was present, and the latter, by authority of PA 1953, No 232, § 38, CLS 1956, § 791.238 (Stat Ann 1954 Rev § 28.2308), was authorized to search. We read *People* v. *Carr* (1963), 370 Mich 251, to hold to the contrary. It is true that Carr was in jail for a misdemeanor at the time of the unlawful search and defendant was on parole from a felony conviction when the search here involved was made, but we do not believe this difference is a legitimate basis for distinguishing the basic doctrine of *Carr,* namely: "Imprisonment for an unrelated crime does not strip one of all his civil rights and constitutional

[2] US Const, Am 4; Mich Const 1908, art 2, § 10, as amended; Mich Const 1963, art 1, § 11.—REPORTER.

safeguards against unreasonable search and seizure."

The search here was unreasonable; the fruits thereof were inadmissible and defendant's motion to suppress should have been granted. This result obviates discussion of defendant's second ground of appeal.

Reversed and remanded for new trial.

McGREGOR and A. C. MILLER, JJ., concurred.