PEOPLE *v.* SHAW.

PEOPLE *v.* WHITEHEAD.

1. APPEAL AND ERROR—JURISDICTION—COURT RULES—MOTION FOR NEW TRIAL.

Once a claim of appeal has been filed, the appellate court has exclusive jurisdiction and only by its leave may a delayed motion for new trial be entertained in the court below.

2. CRIMINAL LAW—PLEA OF GUILTY—CONFESSION—VOLUNTARINESS.

Statements made by defendants in open court after entering a plea of guilty in answer to court's questions to determine whether or not the pleas were freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency, are not the kind of statements, admissions, or confessions which entitle an accused to a hearing to determine the voluntariness of a confession (GCR 1963, 785.3[2]).

3. KIDNAPPING—PLEA OF GUILTY—EVIDENCE.

Conviction of defendants upon their pleas of guilty to kidnapping prison guard *held,* proper where evidence showed defendants had home-made knives and threatened prison employees, forced employees into prison operating room against their wills, made no claim of insanity, and their pleas of guilty were not of the kind to entitle them to a hearing to determine the voluntariness of a confession (CL 1948, § 750.349).

Appeal from Jackson, Dalton (John C.), J. Submitted Division 2 January 8, 1968, at Lansing. (Docket No. 1,806.) Decided April 25, 1968.

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur, New Trial §§ 181, 183.
[2] 21 Am Jur 2d, Criminal Law §§ 484–486.
[3] 21 Am Jur 2d, Criminal Law § 495; 31 Am Jur, Kidnapping § 20,

Alvin Shaw and Edward Whitehead were convicted, upon their pleas of guilty, of kidnapping a prison guard. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *Vincent F. Stapley,* Assistant Prosecuting Attorney, for the people.

*Robert M. Grover,* for defendants.

McGregor, J. Defendants were sentenced on November 29, 1965, by a Jackson county circuit judge with court-appointed counsel present, to 10 to 20 years following their pleas of guilty to a charge of kidnapping a prison guard. At the time of the offense, these defendants were inmates at the State prison, serving life sentences. After a careful investigation, a complaint was made, charging the defendants Alvin Shaw and Edward Whitehead, along with others, with kidnapping, in violation of CL 1948, § 750.349 (Stat Ann 1954 Rev § 28.581). Defendants, represented by court-appointed counsel, had a preliminary examination and stood mute at their arraignment in circuit court. However, 10 days later, they changed their pleas to guilty and subsequently were sentenced to a minimum term of 10 years and a maximum term of 20 years, to run concurrently with the sentences they were then serving, which were life sentences. Post-conviction counsel was timely requested and a claim of appeal was seasonably filed in their behalf.

Appellant counsel was appointed for defendant Whitehead on December 6, 1965; for defendant Shaw on December 16, 1965; claims of appeal were filed on or about February 3, 1966. The trial court denied defendants' belated but very suitable motions

for leave to withdraw the pleas of guilty, filed on December 22, 1966, about 13 months after their pleas of guilty, alleging that the pleas were not freely and voluntarily made. It should also be noted that such motions were filed in the circuit court after their claims of appeal had been filed.

GCR 1963, 803.1 permits a timely motion for a new trial and specifies the time within which a claim of appeal must be filed. GCR 1963, 812.6 provides that where a motion for a new trial has been denied, the party appealing "may claim error in such decision, and thereupon the decision shall be reviewed by the Court of Appeals." The above rule clearly indicates that the motion for new trial will be made and decided prior to taking an appeal. Once a claim of appeal has been filed, the appellate court has exclusive jurisdiction and only by its leave may a delayed motion for new trial be entertained below. See *People* v. *Dimitroff* (1948), 321 Mich 205; *Genesee Merchants Bank & Trust Company* v. *Bourrie* (1965), 375 Mich 383. The motion to withdraw plea, although untimely, has been heard and decided below.

Principally, the defendants contend that they are entitled to have their convictions reversed because (a) they were handcuffed and chained at their arraignment and sentencing, (b) because the prison inspector was not imprisoned against his will, (c) because they were not examined by a sanity commission, (d) because they are entitled to a *Walker* hearing,[1] and (e) because they were denied due process of law in that their arraignments were held at the prison. Their motions for leave to withdraw their pleas cited only one reason, *viz.*, that their pleas were not freely and voluntarily made.

---

[1] *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331.

The record discloses that, at the hearing on their motion for leave to withdraw their pleas of guilty, appellant counsel stressed that the defendants were entitled to a *Daniels*[2] hearing, if not a *Walker* hearing, to determine if their pleas of guilty were based on a confession illegally obtained.

The record taken on November 26, 1965, when they appeared with their counsel to change their pleas to guilty, indicates the following:

"[*Defendants' counsel*] : Your Honor, 10 days ago Edward Whitehead and Alvin Shaw entered a plea of mute in this court.

"Since that time they have discussed this matter amongst themselves and with me, and they now realize that whatever reasons they had for doing what they did does not legally justify their acts.

"They have informed me they are now willing to change this plea to a plea of guilty to the information which you have in front of you.

"[*To the defendants*] : Is that correct?
"*Defendant Shaw:* Yes.
"*Defendant Whitehead:* Yes.
"*The Court:* Mr. Whitehead, is the statement as made by your counsel correct?
"*Defendant Whitehead:* Yes.
"*The Court:* Is there anything about this that you wish to change? I mean the statement made before here.
"*Defendant Whitehead:* Oh, no, no, no.
"*The Court:* You do wish to enter a plea of guilty to this charge?
"*Defendant Whitehead:* Yes.
"*The Court:* Have any promises been made to you to get you to plead guilty?
"*Defendant Whitehead:* No.

---

[2] *People v. Daniels* (1966), 2 Mich App 395.

"*The Court:*  Have any threats been made against
you?

"*Defendant Whitehead:*  No.

"*The Court:*  Are you entering this plea freely
and voluntarily?

"*Defendant Whitehead:*  Yes.

"*The Court:*  And on or about October 18, 1965,
in the township of Blackman, did you willfully and
without lawful authority forcibly confine and im-
prison Inspector Joseph Dembosky against his will?

"*Defendant Whitehead:*  Yes.

"*The Court:*  Very well, the court will accept
your plea of guilty.  I will ask you.  Are you—I
don't know as I did; I have forgotten—are you en-
tering this plea freely and voluntarily?

"*Defendant Whitehead:*  Yes.

"*The Court:*  Very well.  The court will accept
your plea of guilty.

"Now, Mr. Shaw."

and the court repeated substantially the same ques-
tions to defendant Shaw, and received from him like
answers.  Finally, the court said to each,

"Are you also aware of the fact that this is a
felony and the penalty provided by statute is life or
for any term of years?",

and each of the defendants answered, "Yes."

At the conclusion of the hearing on the motion for
leave to withdraw their respective pleas of guilty,
the trial judge, in a written opinion,[3] rejecting the
defendants' claim that their pleas of guilty were not
freely, voluntarily, and understandingly made,
stated:

"Actually, the court is being requested under the
authority of *People* v. *Daniels* (1966), 2 Mich App
395, to grant to each of these defendants a *Walker*

[3] GCR 1963, 527.7 requires that on motions for new trial, the
judge must file his reasons for the decisions reached.

hearing without the necessity of the same being requested before the Court of Appeals.

"In the case of *People* v. *Daniels,* aforesaid, a claim was made by the defendant therein that his plea of guilty was based upon a confession illegally obtained.

"There is no confession, statement, or admission involved in the statements made by the two named defendants herein, other than those made in open court by them after entering their plea of guilty in answer to the Court's questions while complying with GCR 1963, 785.3(2), in determining whether or not the pleas were freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress and without promise of leniency.

"These are not the type of statements, admissions, or confessions covered by the case of *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331, and the request for a so-called *Walker* hearing is denied."

A full study of the transcripts and records in the instant case commands the same conclusion.

In their briefs, defendants make no claim that their being handcuffed (the record does not show if they were handcuffed and chained) was prejudicial or in any way violated their constitutional or legal rights. The testimony at the examination of the prison employees allegedly kidnapped showed conclusively that the defendants had home-made knives and repeatedly threatened the prison employees, putting the knives to the employees' throats, et cetera, forcing them to go with the defendants about the prison and into the prison operating room against the employees' wills. There was no charge made of insanity of the defendants, none was claimed, and no request was made by them or their attorneys for an examination by a sanity commission. Neither defendant offered voluntarily to submit to such an examination. The trial court answered their claims for a *Walker* hearing. None of

these matters were briefed by defendants, nor was any law or decision cited by them to show a basis for the requested reversal. It is apparent that they were properly abandoned by defendants as of no merit. The examination testimony fully supports the validity of the defendants' pleas. The foregoing and other claimed errors show no miscarriage of justice or violations of the legal or constitutional rights of the defendants, or a denial of due process of law.

Affirmed.

LESINSKI, C. J., and CANHAM, J., concurred.