PEOPLE *v.* FLOWERS

1. SEARCHES AND SEIZURES—PARENT AND CHILD—CONSTITUTIONAL LAW—WAIVER.

   A parent cannot waive the constitutional right of his child to be secure from unreasonable searches and seizures even though that child is a minor, is living at home, and is being supported by the parent.

2. SEARCHES AND SEIZURES—CONSTITUTIONAL LAW—WAIVER.

   The constitutional right to be secure against unreasonable searches and seizures is a personal right of one suspected, accused, or charged with a crime and cannot be waived by one who is a third party or an outsider, when considering the crime charged (US Const, Am 4; Mich Const 1963, art 1, § 11).

3. SEARCHES AND SEIZURES—WITHOUT WARRANT—PARENT AND CHILD—CONSTITUTIONAL LAW—WAIVER.

   Marijuana seized by police in a search without a warrant of a minor defendant's bedroom in his father's house was inadmissible even though defendant's father had consented to the search because the father could not waive the constitutional right of defendant to be secure against unreasonable searches and seizures, where the prosecution had failed to meet the standard of proof necessary to justify the search and seizure.

---

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 47 Am Jur, Searches and Seizures § 72.

Appeal from Oakland, Philip Pratt, J. Submitted Division 2 April 15, 1970, at Lansing. (Docket No. 8,001.) Decided April 29, 1970. Leave to appeal denied November 24, 1970. 384 Mich 780.

Richard Flowers was convicted of illegal possession of narcotics. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas L. Plunkett,* Prosecuting Attorney, and *Edward Sosnick,* Assistant Prosecuting Attorney, for the people.

*William C. Ibershof,* for defendant.

Before: R. B. BURNS, P. J., and FITZGERALD and VAN DOMELEN,* JJ.

R. B. BURNS, P. J. About 10 a.m. on June 17, 1968 a police officer received information from an unnamed informant concerning the defendant and his use and possession of narcotics. The officer telephoned the defendant's father and thereafter, in the company of another officer, went to the residence of the defendant who lived with his father. The officers advised the father of the information received and requested permission to search for narcotics. The officers testified that the father readily gave his consent to the search and was very cooperative in assisting the officers. The father, however, while not denying that his consent was given, claimed that an illness precluded his complete understanding of the matter and further that he was not fully advised of his rights until after the consent

* Circuit Judge, sitting on the Court of Appeals by assignment.

was granted. Testimony also revealed that the narcotics in question were found by the officers in the defendant's bedroom secreted in a speaker. The defendant was a 17-year-old youth, attended high school, and was being supported by his father. The defendant was not present at the time of the search and the seizure of the narcotics. The defendant filed a motion to suppress, which was denied by the trial court before trial.

Two questions are presented on appeal: (1) Is the defendant's father's consent to search the premises valid? (2) Where the defendant is a 17-year-old boy living at home, attending school, and being supported by his parents, can the father effectively consent to a search of the defendant's room?

Defendant's father testified that he was surprised at his son's alleged involvement in drugs, didn't believe it, and was not fearful of the officers searching the house because he was convinced they wouldn't find anything. He also testified that he gave the officers permission to conduct a search of his premises. There is no evidence that his physical disabilities interfered in any way with mental power to form a proper judgment.

The father's consent was not only proved by clear and positive testimony, it was admitted. There was no duress or coercion and the consent was unequivocal and specific, freely and intelligently given.

In denying the motion to suppress, the trial court made the following findings:

"As to the validity of the consent, this court does not find that the father's permission was tainted in any way. The testimony indicates that the primary motivation was that the father was certain nothing would be found. The father's present testimony that his illness or the medication made him 'hazy' is not convincing. On the contrary, the testimony

reveals that his rights and the purpose of the *search were explained and understood by him and that his consent was freely and intelligently given.*"

The present record contains sufficient evidence to support a finding of valid consent. Under the circumstances the discretionary ruling of the trial judge on the issue is not clearly erroneous. GCR 1963, 517.1; *People* v. *Walker* (1967), 6 Mich App 600; *People* v. *Townsend* (1969), 17 Mich App 267, 269.

The specific problem of parental consent to search a suspected son's room without a warrant is one of first impression in Michigan. Plaintiff contends the relationship of parent-child under the circumstances of this case permits the waiver of the search and seizure privilege by the parent. Defendant contends that consent to an otherwise unlawful search is a personal right which cannot be waived, even by a parent.

The trial court held, "This coupling of control of the premises with the parental right of control of the adolescent convinces this court that the consent of the father was valid." Authority for the ruling is found in cases from other jurisdictions: *State* v. *Kinderman* (1965), 271 Minn 405 (136 NW 2d 577); *Commonwealth* v. *Hardy* (1966), 423 Pa 208 (223 A2d 719); *State* v. *Carder* (1966), 9 Ohio St 2d 1 (222 NE2d 620).

These cases and the decision based thereon fail to separate the constitutional rights of the son, who is the real and only defendant. Each case is decided upon its facts. This defendant was arraigned as an adult. The constitution guarantees these safeguards to a person suspected or accused, or a defendant. The father does not fit into any of these categories. He is a third party or an outsider when considering the crime charged.

Justice, logic, and an understanding of the obvious purpose of the constitutional protection requires this Court to adopt the rule stated in *Stoner* v. *California* (1964), 376 US 483, 489 (84 S Ct 889, 893, 11 L Ed 2d 856, 860):

"It is important to bear in mind that it was the petitioner's constitutional right which was at stake here, and not the night clerk's nor the hotel's. It was a right, therefore, which only the petitioner could waive by word or deed, either directly or through an agent."

Michigan cases have held that an attorney cannot waive the search privilege for his client. *People* v. *Kaigler* (1962), 368 Mich 281. Nor can a defendant's grandmother who owned the premises where the defendant resided. *People* v. *Overall* (1967), 7 Mich App 153. To these, we now add a parent who has no personal or punishable involvement in the crime suspected or charged.

In the present case, as in *People* v. *Overall,* "there is no showing here that defendant waived his right not to be subject to unreasonable search or that he consented to the search." The prosecution did not meet the standard of proof necessary to justify the search and seizure made by the police in and from the defendant's bedroom. The evidence wrongfully acquired must be suppressed, and must not be admitted at trial.

The order denying the motion to suppress the evidence (packets of marijuana) is reversed, and a new trial is granted.

All concurred.