PEOPLE v MAZZULLA

Opinion of R. M. Maher, J.

1. Searches and Seizures—Consent—Search Without Warrant.

Consent to a search allows the search to be made without a warrant and yet not violate the Fourth Amendment prohibitions against unreasonable searches.

2. Searches and Seizure—Automobiles—Consent—Search Without Warrant—Common Authority.

Consent by the owner of an automobile to a search of the automobile permitted a search without a warrant of the vehicle, but did not authorize the search of a box, found inside the car, which belonged to another person where the person consenting to the search did not possess common authority over the box or other sufficient relationship to it.

3. Searches and Seizures—Consent—Search Without Warrant—Possessions of Third Party—Common Authority.

Proof of voluntary consent to a search without a warrant is not limited to proof that consent was given by a defendant but may show that permission to the search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected.

Concurrence in Result by M. F. Cavanagh, J.

4. Searches and Seizures—Automobile—Owner of Automobile—Consent—Items Within Automobile.

The owner of an automobile could give a valid consent to a search of an unidentified box found in the automobile.

---

References for Points in Headnotes

[1-5, 7, 8] 68 Am Jur 2d, Searches and Seizures § 46 *et seq.*

Validity, under Federal constitution, of warrantless search of automobile—Supreme Court cases. 26 L Ed 2d 893.

Authority to consent for another to search or seizure. 31 ALR2d 1078.

[6, 9] 75 Am Jur 2d, Trial § 1032.

5. EVIDENCE—INSUFFICIENT EVIDENCE—AUTOMOBILES—ITEMS WITHIN AUTOMOBILE—OWNERSHIP.

There was insufficient evidence to connect a defendant with a box found in a car being driven by the defendant but belonging to another person where the only evidence linking the defendant to the box, apart from the fact that the box was found in the car when the defendant and his passenger were stopped, was a vial which bore the name of the defendant's wife and which was found within the box.

6. DRUGS AND NARCOTICS—APPEAL AND ERROR—JURY—CONTROLLED SUBSTANCES.

It was reversible error to allow a jury in a trial for possession of a controlled substance to have during its deliberations the entire contents of a box, allegedly belonging to the defendant in the matter, where the contents included a substantial number of pills the possession of which was not in violation of statute and on which there were no charges.

DISSENT BY BEASLEY, J.

7. SEARCHES AND SEIZURES—TRIAL—ASSERTION OF OWNERSHIP—EVIDENCE.

A defendant in a criminal action cannot at trial assert ownership on the one hand for purposes of a claim that there was an unconstitutional search and seizure and on the other hand assert that there is no evidence to show his ownership.

8. SEARCHES AND SEIZURES—AUTOMOBILES—CONSENT—SEARCH WITHOUT WARRANT—CONTENTS OF AUTOMOBILE.

Consent to a search of an automobile, given by the owner and by the principal user, is also a consent to a search of the contents of the automobile.

9. DRUGS AND NARCOTICS—EVIDENCE—JURY DELIBERATIONS—DISCRETION OF TRIAL COURT—APPEAL AND ERROR—CONTROLLED SUBSTANCES ACT.

It was entirely within the discretion of a trial court to permit any pills and tablets which had been admitted into evidence in a trial for a violation of the Controlled Substances Act to go into the jury room during jury deliberations; therefore, it was harmless error to allow all of the pills found in a defendant's tackle box to be taken into the jury room where a substantial quantity of the pills had been admitted into evidence (MCLA 335.301 et seq.; MSA 18.1070[1] et seq.).

Appeal from Oakland, Richard D. Kuhn, J. Submitted April 12, 1976, at Lansing. (Docket No. 26505.) Decided September 28, 1976.

Joseph Mazzulla was convicted on two counts of possession of a controlled substance with intent to deliver. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Keith Corbett,* Assistant Prosecuting Attorney, for the people.

*Robert E. Kostin (Phillip M. Stevens,* of counsel), for defendant.

Before: R. M. MAHER, P. J., and M. F. CAVANAGH and BEASLEY, JJ.

R. M. MAHER, P. J. A jury found defendant guilty on two counts of possession of a controlled substance with intent to deliver. MCLA 335.341(1)(a), (b); MSA 18.1070(41)(a), (b). The court imposed concurrent sentences of 10 to 20 years and 4-1/2 to 7 years. Defendant appeals of right. We reverse his convictions.

Defendant raises several issues but disposition of his appeal only requires consideration of his claim that the controlled substances introduced at trial were obtained by an illegal search.

During the early morning hours of June 1, 1974, a police officer, observing defendant's erratic driving, stopped him. Defendant could not produce a driver's license, but did produce the automobile's registration showing the automobile registered to a person named Jewel. The officer arrested defendant for drunken driving, and transported him to

jail for Breathalyzer testing. The test indicated no alcohol in defendant's blood, and the charge was changed to driving under the influence of narcotics. When the arresting officer returned to his police car he found a hypodermic needle in the backseat, the arresting officer then had the car defendant had been driving transported to the county jail.

Later in the day, the detective in charge of the case spoke with defendant's mother-in-law, Mrs. Jewel. The automobile's registration was in the name of Mrs. Jewel and her husband. Mrs. Jewel informed the officer that her daughter, defendant's sister-in-law, had been given the automobile for her use. The officer requested that Mrs. Jewel and her daughter go to the jail and consent to a search of the automobile. Both women went to the jail and signed consent to search forms authorizing a search of the automobile.

The detective then proceeded to search the automobile in the presence of the two women and a deputy. He pointed out a gray metal box on the floor of the back seat and asked them who owned it. Each said it was not hers. The detective then opened the box and found a large quantity of tablets and pills inside. Lab tests showed some of them to be controlled substances and they were introduced in evidence at defendant's trial.

The prosecution's brief offers the consent of the owner and of the principal user of the automobile as justification for the warrantless search that produced evidence against defendant. Consent allows searches to be made without a warrant and yet not violate Fourth Amendment prohibitions. *Schneckloth v Bustamonte,* 412 US 218; 93 S Ct 2041; 36 L Ed 2d 854 (1973), *People v Reed,* 393 Mich 342; 224 NW2d 867 (1975). The consent given

permitted the warrantless search of the automobile, but did not authorize the police to open the box and examine its contents.

It is not always required that the person against whom evidence is introduced give his consent to the search producing the evidence. Indeed, in many cases he will have no interest in the premises searched nor any standing to later complain that the search was not conducted pursuant to a warrant. It is "clear that when the prosecution seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof that consent was given by the defendant, but may show that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." *United States v Matlock,* 415 US 164, 171; 94 S Ct 988, 993; 39 L Ed 2d 242, 249–250 (1974). In *Matlock,* the woman who shared a bedroom with defendant gave police permission to search the room. Police found evidence, later introduced at defendant's trial, in a diaper bag in the only closet in the room. The court refused to hold the search illegal.

But the situation presented in *Matlock,* like that in *Frazier v Cupp,* 394 US 731; 89 S Ct 1420; 22 L Ed 2d 684 (1969), and in *People v Chism,* 390 Mich 104; 211 NW2d 193 (1973), is not found here. In *People v Flowers,* 23 Mich App 523; 179 NW2d 56 (1970), the Court found invalid the search of defendant's room in his father's house, even though his father had consented to the search. In an earlier case, *People v Overall,* 7 Mich App 153; 151 NW2d 225 (1967), this Court held that a grandmother could not authorize the search of her grandson's room. The situation now before the

Court is analogous to that found in both *Flowers* and *Overall,* and, in fact, presents an even more compelling case for finding the evidence to be a product of an illegal search. Neither Mrs. Jewel nor her daughter had any interest in the box. Both prior to the search and at trial they denied any connection with it. The prosecution's case was premised on defendant's exclusive control of the box. Consent obtained from someone who does not "possess common authority over or other sufficient relationship to the * * * effects sought to be inspected" cannot validate a warrantless search.

No other possible basis for the warrantless search is apparent from the record. Defendant's convictions are therefore reversed.

M. F. CAVANAGH, J. *(concurring in result only).* I concur in the result. I conclude that reversal is required but for different reasons. The search was proper, based on the consent of Mrs. Jewel and her daughter. At the time the box was opened there was nothing to indicate to whom the box belonged. Since the unidentified box had been left in their car, the two women could consent to having it opened.

By the same token, however, there was insufficient evidence to connect defendant with the box or its contents. The only evidence linking the box to defendant—apart from the fact that the box was in the car when defendant and his passenger were stopped—was a vial which bore the name of defendant's wife, another daughter of Mrs. Jewel, and which was found within the box. Furthermore, allowing the jury during its deliberations to have the entire contents of the box, including a substantial number of pills the possession of which was not in violation of the Controlled Substances Act, was error and reversibly prejudicial to defendant.

Reversed.

Beasley, J. *(dissenting)*. In this case the majority reversed defendant's conviction on two counts of possession of a controlled substance with intent to deliver.

The principal opinion would rest reversal upon a finding that the controlled substances were obtained by an illegal search. The concurring opinion rests upon two grounds: first, that there was insufficient evidence to show that the tackle box and its contents belonged to defendant and, second, that it was reversible error for the jury to have in the jury room, without defendant's consent, all of the pills and tablets even though two counts had been dismissed.

Prior to trial, defendant had moved to suppress a tackle box containing tablets and pills which had been found in the car defendant was driving at the time of his arrest, on the ground that defendant had not consented to the search, that there was no search warrant and the seizure was without probable cause and not contemporaneous with the arrest. The prosecutor filed a written answer to the motion. The record indicates that after hearing oral argument, but without a testimonial hearing, the court denied defendant's motion to suppress. Thus, this case is distinguishable from *Simmons v United States,* 390 US 377; 88 S Ct 967; 19 L Ed 2d 1247 (1968), where the Court held that testimony offered by a defendant at the suppression hearing could not thereafter be admitted in evidence at trial unless defendant makes no objection.

In this case defendant then had a strategy choice to make. On trial he could not reasonably claim an invalid and unconstitutional search and seizure of the tackle box and its contents without asserting that it was *his* tackle box. Another option available to him was to disclaim knowledge or

possession of the tackle box. If he chose the latter the burden would then have been on the prosecution to prove his ownership of the tackle box and to establish a foundation for admission of the tackle box and its "dope" contents into evidence. In this case defendant chose the former option on trial. He claimed it was his tackle box and moved to suppress its admission into evidence on the ground of an unconstitutional search and seizure.

The principal opinion rests upon the premise that defendant placed his tackle box which contained tablets and pills that were controlled substances under the statute in a car that he had consent from the owner or chief user to drive and that, therefore, the officers could not open and search the tackle box without either his valid consent or a validly obtained search warrant. The record indicates that the officers obtained written consent from the owner and chief user of the car to search the car. The owner was defendant's mother-in-law and the chief user was his sister-in-law. There is no question that written consent for search of the car was validly given. However, defendant says that consent to search the car was not enough, but that consent to search the box was necessary.

The record indicates that defendant took his sister-in-law's car without her consent. Subsequently, after the fact, she indicated she had no objection and would have consented if he had asked. If defendant had left his tackle box in his own residence or in his own car, the constitutional prohibition against unreasonable searches and seizures would apply, but such is not here the case. On the contrary, the leaving of the tackle box in a car that he neither owned nor had a right to possess is no different than if he had left it on the

public street. Consent to the search of the car
meant consent to search of the contents. Where
consent is given to search a motor vehicle neither
consent nor a search warrant is necessary to look
at every cigarette butt, piece of Kleenex, road
map, or pill under penalty of being found guilty of
an unconstitutional search or seizure. In this case
I would not engage in such "metaphysical subtle-
ties". *Frazier v Cupp,* 394 US 731; 89 S Ct 1420; 22
L Ed 2d 684 (1969). Once consent was given to
search the motor vehicle, there was no necessity to
obtain further consents before opening the tackle
box. I do not find the search and seizure unconsti-
tutional or invalid.

The concurring opinion holds that the only evi-
dence linking the box to defendant was a vial
which bore the name of defendant's wife and that,
therefore, there was insufficient evidence to con-
nect defendant with the tackle box or the pills
contained in it. The difficulty with this conclusion
is that defendant at trial and prior to trial did not
choose to take that position. On the contrary, he
went the route of claiming an unlawful and uncon-
stitutional search and seizure of *his* tackle box and
*his* pills and tablets. He could not, in the circum-
stances of this case, have the benefit of both of
these defenses. This was *not* a case where defend-
ant testified at the hearing on his motion to sup-
press. Once he made his choice he cannot saddle
the prosecution with a burden which the prosecu-
tion did not have during trial because of the
defense that the defendant set up. While, as previ-
ously indicated, the *Simmons* case, *supra,* is distin-
guishable from this case, the dissenting opinion of
Justice Black is apropos here:

"For the Court, though not for me, the question

seems to be whether the disadvantages associated with deterring a defendant from testifying on a motion to suppress are significant enough to offset the advantages of permitting the Government to use such testimony when relevant and probative to help convict the defendant of a crime. The Court itself concedes, however, that the deterrent effect on which it relies comes into play, at most, only in "marginal cases" in which the defendant cannot estimate whether the motion to suppress will succeed. * * * The value of permitting the Government to use such testimony is, of course, so obvious that it is usually left unstated, but it should not for that reason be ignored. The standard of proof necessary to convict in a criminal case is high, and quite properly so, but for this reason highly probative evidence such as that involved here should not lightly be held inadmissible. For me the importance of bringing guilty criminals to book is a far more crucial consideration than the desirability of giving defendants every possible assistance in their attempts to invoke an evidentiary rule which itself can result in the exclusion of highly relevant evidence." 390 US at 397; 88 S Ct at 978; 19 L Ed 2d at 1260–1261.

In addition, the concurring opinion assigns as error allowing the jury during its deliberations to have all of the pills in the jury room. Obviously, this was error and should not have occurred. However, equally obvious is the fact that in the circumstances of this case it was harmless error as a substantial quantity of tablets and pills were admitted into evidence and it was entirely within the discretion of the court to permit those pills and tablets which had been admitted into evidence to go into the jury room. The fact that there were a greater number of such pills and tablets permitted in the jury room did not prejudice defendant and was harmless.

I cannot join in either opinion and must dissent. I would affirm the convictions.