## PEOPLE *v.* PERINE.

1. CRIMINAL LAW—PLEA OF GUILTY—ARRAIGNMENT AND SENTENCING.
   The failure of the trial court to comply with the provisions of the applicable court rules with respect to the imposition of sentence after a guilty plea is fatal to the validity of the plea (GCR 1963, 785.3[2]).

2. SAME—PLEA OF GUILTY—ARRAIGNMENT AND SENTENCING—REPRESENTATION BY COUNSEL.
   A guilty plea is invalid when the trial court fails to comply with the provisions of the applicable court rule with respect to the imposition of sentence after a guilty plea, even though a defendant is represented by counsel (GCR 1963, 785.3[2]).

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law §§ 492, 495, 496, 526.
[4] 21 Am Jur 2d, Criminal Law §§ 533, 572.
[5, 6] 21 Am Jur 2d, Criminal Law §§ 527, 584, 585.
  Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant. 96 ALR2d 768,

3. SAME—PLEA OF GUILTY—ARRAIGNMENT AND SENTENCING—REVERSIBLE ERROR.

Conviction of defendant upon a plea of guilty to a charge of taking indecent liberties with a female under the age of 16 years *held,* error, where the trial court, following entry of the guilty plea, made no examination of the accused with respect to the facts of the crime and defendant's participation in it (CLS 1961, § 750.336; GCR 1963, 785.3[2]).

4. SAME—IMPOSITION AND SUPERVISION OF PUNISHMENT.

The Court of Appeals has no supervisory control over the punishment imposed by a trial judge when that punishment is within the statutory maximum.

5. SAME—ADMISSIONS—SENTENCE.

It is proper for the trial court to consider a criminal defendant's admissions of commission of other offenses when imposing sentence.

6. SAME—IMPOSITION OF PUNISHMENT—DENIAL OF OTHER OFFENSES.

The trial court may consider other offenses admitted by a criminal defendant, for which he was not convicted, when imposing sentence, but it is improper to consider other alleged offenses which are not so admitted.

Appeal from Otsego; O'Keefe (Dennis J.), J. Submitted Division 3 January 4, 1967, at Grand Rapids. (Docket No. 2,039.) Decided July 10, 1967.

Orlin Dale Perine was convicted upon a plea of guilty to a charge of taking indecent liberties with a female under the age of 16 years. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Sidney Wizer,* Prosecuting Attorney, for the people.

*Dunnings & Gibson,* for defendant.

QUINN, J. March 30, 1964, defendant pleaded guilty to the offense of taking indecent liberties with

a female under the age of 16 years contrary to the provisions of CLS 1961, § 750.336 (Stat Ann 1954 Rev § 28.568). April 24, 1964, he was sentenced to prison for a term of 9 to 10 years. On grant of his application for delayed appeal, he appeals and raises several questions, one of which is determinative of this appeal:

Did the trial judge commit error in failing to obtain from the defendant what acts in fact he had committed so as to constitute the crime to which he was entering a plea of guilty?

Defendant was arraigned in circuit court March 30, 1964 on an information charging him in count 1 with statutory rape[1] and in count 2 with taking indecent liberties with a female under the age of 16 years.[2] His attorney waived a reading of the information and stated his client desired to plead guilty to count 2. On recommendation of the prosecuting attorney, count 1 was dismissed and defendant entered a plea of guilty to count 2. The record before us contains no examination of the accused by the trial judge with respect to the facts of the crime and defendant's participation in it.

This noncompliance with GCR 1963, 785.3(2) is fatal to the validity of the plea. Whether a defendant is represented by counsel or not such examination is required. *People v. Barrows* (1959), 358 Mich 267.

While this holding obviates ruling on the other questions raised, for the benefit of the trial judge, the remand hereinafter ordered requires comment on the following question:

Is the sentence imposed by the trial judge void because the trial judge took into consideration other alleged similar offenses which were denied by the

---

[1] CLS 1961, § 750.520 (Stat Ann 1954 Rev § 28.788).
[2] CLS 1961, § 750.336 (Stat Ann 1954 Rev § 28.568).

defendant to have been committed without proof that they had in fact been committed?

Even though this Court has held it has no supervisory control over the punishment imposed when that punishment is within the statutory maximum, as here, *People* v. *Pate* (1965), 2 Mich App 66, and it is proper for the trial court to consider admissions of defendant in passing sentence, *People* v. *Losinger* (1951), 331 Mich 490, the record must disclose that the admissions were in fact admissions. Here the record does not indicate that defendant admitted the other offenses that the trial judge stated he considered in passing sentence.

Reversed and remanded for new trial.

FITZGERALD, P. J., and T. G. KAVANAGH, J., concurred.