## PEOPLE *v.* GARZA.

1. CRIMINAL LAW — DUE PROCESS — CONFESSION — VOLUNTARINESS — HEARING.
   The right of a defendant charged with crime to have a separate hearing and record on the issue of whether or not his confession was voluntary is not lost because he waives a trial by jury.

2. SAME — DUE PROCESS — CONFESSION — VOLUNTARINESS — PRIVILEGE AGAINST SELF-INCRIMINATION.
   The waiver by defendant charged with crime of the privilege against self-incrimination by testifying about the voluntariness of his confession can only be avoided by allowing him to testify for this limited purpose at a separate hearing on the voluntariness of the confession.

3. APPEAL AND ERROR—QUESTIONS NOT ARGUED IN BRIEF—WAIVER.
   A question raised by a party on appeal but not argued in his brief will be deemed waived by him and will not be considered by the appellate court.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 582, 584.
[2] 29 Am Jur 2d, Evidence §§ 557, 582, 585.
[3] 5 Am Jur 2d, Appeal and Error §§ 685, 686.

Appeal from Recorder's Court of Detroit, Groat (Gerald W.), J. Submitted Division 1 February 5, 1968, at Detroit. (Docket No. 3,122.) Decided September 4, 1968.

Charles Harvey Garza was convicted of robbery armed. Defendant appeals. Remanded for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Charles Campbell,* for defendant.

Lesinski, C. J. Defendant appeals the trial court's denial of his postconviction motion for a separate hearing on the voluntariness of a confession received in evidence at his trial.

The defendant waived trial by jury and was tried and convicted by the court of the crime of robbery armed.* The defendant contends that his confession to the crime during police interrogation was not made voluntarily and that the issue of voluntariness must be determined in a separate hearing, citing *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331. The people contend that a *Walker* hearing is not required in a nonjury trial. The people's position is stated as follows:

"The court sitting as the sole trier of the facts, decided the question of the voluntariness of the defendant's confession not only as a matter of law

---

* CLS 1961, § 750.529 (Stat Ann 1968 Cum Supp § 28.797).

but also as a question of fact. It does not appear in either *Jackson* v. *Denno* (1964), 378 US 368 (88 S Ct 1774, 12 L Ed 2d 908, 1 ALR3d 1205), or *Walker, supra,* that it is absolutely *mandatory* to hold a separate hearing on the voluntariness of a confession where the issue was not tried to a jury."

The trial court held similarly in ruling on defendant's motion for a separate hearing:

"In the court's opinion neither *Walker* nor *Denno* apply where no question is submitted to the jury as to [the] voluntariness of a confession or admission."

We do not agree that defendant's right to a separate hearing and record upon the issue of the voluntariness of a confession is lost because he waives a trial by jury. The United States Supreme Court stated in *Jackson* v. *Denno, supra,* that a criminal defendant has a "constitutional right at some stage in the proceeding to object to the use of the confession and to have a fair hearing and a reliable determination on the issue of voluntariness, a determination uninfluenced by the truth or falsity of the confession."

Our Supreme Court implemented the *Jackson* decision by providing for a separate hearing and record on the issue of voluntariness. *People* v. *Walker, supra.* The Walker Court said, p 338:

"At this hearing, we told the defendant may take the stand and testify for the limited purpose of making of record his version of the facts and circumstances under which the confession was obtained. We hold further that by so doing defendant does not waive his right to decline to take the stand on trial in chief, if retrial is ordered. Neither does he waive any of the other rights stemming from his choice not to testify."

It is clear that a defendant who testifies at the trial in chief concerning the voluntariness of his confession does so at the peril of waiving constitutional safeguards. This result is avoided only when he enjoys the special protection expressly afforded at a *Walker* hearing, *i.e.*, the right to testify for a limited purpose without waiving any rights.

Defense counsel raised the issue of the voluntariness of defendant's confession when he cross-examined the prosecution's police witnesses concerning alleged promises of leniency if defendant confessed. Defendant's affidavit in support of his motion raises a threshold question of coercion from the circumstances of his return from Chicago in police custody, his interrogation and confession. These are matters to be reviewed on a separate record without regard to the truth or falsity of the confession.

This Court has not hesitated in the past to remand a nonjury conviction for a *Walker* hearing when the substantial claim on appeal was that defendant's plea of guilty was based upon an illegal and involuntary confession. See *People* v. *Daniels* (1966), 2 Mich App 395, and *People* v. *Carlton* (1966), 5 Mich App 20.

An additional question raised on appeal was not argued in defendant's brief, therefore, we deem it waived and do not consider it here. *People* v. *George* (1965), 375 Mich 262.

This cause is remanded to recorder's court for an evidentiary hearing to determine the voluntariness of defendant's confession to the police in accordance with the principles of *People* v. *Walker, supra*. If the trial judge determines that the confession was voluntarily given, we see no basis for a new trial. However, if the confession is determined to be involuntary on the basis of the separate hearing and

record, the trial court is instructed to vacate the conviction and sentence and proceed with a new trial.

McGREGOR and LEVIN, JJ., concurred.