PEOPLE *v*. SCRUGGS

1. CRIMINAL LAW—PLEA OF GUILTY—PROMISE OF PROBATION.
    Affidavit submitted 9 months after sentencing by a person convicted of statutory rape stating that a probation officer "advised" him that he would receive probation *held*, not to warrant a testimonial hearing on the voluntariness of the plea or permission to withdraw the plea where there is no assertion that the promise of probation was made before he pled guilty.

2. SAME—PLEA OF GUILTY—PRESENCE OF COUNSEL.
    The fact that defendant was not represented by counsel when he was questioned a short time after being taken into custody is not ground for vacating the plea where defendant does not assert that he was induced to plead guilty by the prospect of use against him of statements then made by him without benefit of counsel.

3. SAME—DUE PROCESS—PRIVILEGE AGAINST SELF-INCRIMINATION— PLEA OF GUILTY.
    Validity of a guilty plea offered and accepted April 7, 1966, is not affected by decisions of the United States Supreme Court requiring *Miranda* warnings, which affect only trials commencing after June 13, 1966.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law §§ 484, 485, 504, 505.

Appeal from St. Clair, Streeter (Halford I.), J. Submitted Division 1 February 7, 1968, at Detroit. (Docket No. 3,652.)   Decided October 24, 1968.

Robert James Scruggs was convicted on a plea of guilty of statutory rape.   Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John T. Corden,* Prosecuting Attorney, and *Ronald J. Flanigan,* Assistant Prosecuting Attorney, for the people.

*John C. Kane,* for defendant on appeal.

Levin, J.   Defendant appeals his guilty plea conviction of statutory rape.[1]   We have examined the colloquy between the defendant and the circuit judge at the arraignment on the information and at the time of sentencing.   The requirements of GCR 1963, 785.3(2) and CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058), as interpreted in *People* v. *Dunn* (1968), 380 Mich 693, were complied with before acceptance of the plea and sentencing.

Nine months after sentencing, the defendant submitted an affidavit stating: "Later he [the defendant] was advised by the probation office that he would receive probation."   The affidavit does not indicate whether the defendant received such alleged advice before or after he pled guilty.   An assistant probation officer filed an answering affidavit stating that he conducted the presentence investigation, that he had no "contact with the defendant until after the defendant entered his plea of guilty", and "at no time during his investigation did

---

[1] CLS 1961, § 750.520 (Stat Ann 1954 Rev § 28.788).

he indicate to defendant what sentence might be imposed." Since the defendant's affidavit does not assert that the promise of probation was made prior to the time he pled guilty, and there is no reason to infer that defendant meant to say, albeit unartfully, that the promise was made before he pled guilty and induced him to do so, we do not think it necessary to order a testimonial hearing on the disputed issue raised by the competing affidavits.

Defendant claims, which claim is denied by the people, that he was not advised of his constitutional rights before he was questioned a short time after he was taken into custody. It does appear the defendant was not represented by counsel when he was then questioned. The defendant does not assert that he was influenced to plead guilty by the prospect there would be used against him upon trial any statements he may have made to his interrogators without benefit of counsel.

The defendant's plea was offered and accepted on April 7, 1966. He was sentenced June 28, 1966. The failure to give the *Miranda*[2] warnings affects only trials commencing after June 13, 1966.[3]

We are not persuaded that defendant's guilty plea should be set aside because of any failure to have given the *Miranda* warnings.

Affirmed.

LESINSKI, C. J., and McGREGOR, J., concurred.

[2] *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974).
[3] *Johnson* v. *New Jersey* (1966), 384 US 719 (86 S Ct 1772, 16 L Ed 2d 882).