PEOPLE *v.* CARLISLE

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—CIRCUMSTANCES OF PLEA—
COURT RULES.

Questioning of a defendant by the trial court, even though ex-
haustive, regarding his unequivocal desire to plead guilty,
without pursuing his apparent intention and willingness to
discuss the circumstances behind his plea, constitutes but a
minimal compliance with the rule requiring that the court
determine whether a guilty plea is being made voluntarily
and knowingly inasmuch as the rule additionally requires the
trial court to examine the defendant carefully regarding the
nature of the accusation, which must contain the elements of
the crime charged (GCR 1963, 785.3[2]).

2. CRIMINAL LAW—PLEA OF GUILTY—ELEMENTS OF CRIME—BELIEF.

An accused should not plead guilty to a crime which he may not
have committed despite his willingness to believe that he
committed it.

3. CRIMINAL LAW—PLEA OF GUILTY—INTERROGATION—PRELIMINARY
EXAMINATION.

A plea of guilty is properly taken when the court carefully
inquires into the facts and, even though there are elements
of the crime charged which are not apparent in those facts
revealed by the defendant during this questioning, these ele-
ments may be properly provided by reference to the prelim-
inary examination.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–6] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
Court's duty to advise or admonish accused as to consequences of
plea of guilty, or to determine that he is advised thereof. 97
ALR2d 549.
[7–12] 21 Am Jur 2d, Criminal Law §§ 504, 505.

4. CRIMINAL LAW—PLEA OF GUILTY—ACCEPTANCE OF PLEA—REVIEW
OF FACTS.

> Acceptance of a plea of guilty is proper where the court, after
> reviewing all available facts, is satisfied that if there were
> a trial, the defendant might well be convicted.

5. CRIMINAL LAW—PLEA OF GUILTY—ACCEPTANCE OF PLEA—WALKER
HEARING—NECESSITY.

> A *Walker* hearing is necessary to determine the legality of ob-
> taining a defendant's confession, upon which defendant's
> guilty plea is based, where a court, in denying defendant's
> motion to withdraw the guilty plea, apparently relied heavily
> on the confession.

6. CRIMINAL LAW—VOLUNTARINESS OF CONFESSION—PLEA OF GUILTY
—INQUIRY—ACCEPTANCE OF PLEA.

> The trial court should further inquire into the facts of the
> case before again accepting a guilty plea if a *Walker* hearing
> reveals that a defendant's confession was involuntary and
> thus was improperly considered by the trial court at accept-
> ance of a plea of guilty.

DISSENTING OPINION

V. J. BRENNAN, J.

7. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL—COURT RULES—
NONCOMPLIANCE.

> *Noncompliance with the prophylactic standards of the rule re-*
> *quiring a trial court to inform an accused of the nature of*
> *the accusation, the consequences of a guilty plea, and to*
> *determine whether the plea is being made voluntarily and*
> *knowingly, does not alone warrant the withdrawal of a con-*
> *victed defendant's guilty plea (GCR 1963, 785.3[2]).*

8. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL—JUSTIFICATION.

> *It must appear that the procedural fault of which defendant*
> *complains affected the outcome of his case before withdrawal*
> *of a guilty plea is justified.*

9. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL—COURT RULE—
NONCOMPLIANCE—MISCARRIAGE OF JUSTICE—BURDEN.

> *A convicted defendant seeking to withdraw his guilty plea has*
> *the burden of showing something more than a technical non-*
> *compliance with the rule requiring a trial court to inform*
> *an accused of the nature of the accusation, the consequences*
> *of a guilty plea, and to determine the voluntariness and*

*scienter of that plea; therefore, absent any showing by de-
fendant that his constitutional rights were violated or denied,
he must allege in his motion to withdraw such facts as would,
if true, substantiate a finding that noncompliance with that
rule resulted in a miscarriage of justice (GCR 1963, 785.3[2]).*

10. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL—REASON—IN-
NOCENCE.

*The reason accompanying a convicted defendant's request to
withdraw his guilty plea must relate to that defendant's
innocence in fact.*

11. CRIMINAL LAW — EVIDENCE — CONFESSION — VALIDITY — PLEA
OF GUILTY.

*Conclusory assertions that a defendant's guilty plea was in-
duced by his invalid confession, without stating why the
confession is invalid or how it was used to induce a plea of
guilty, does not entitle that defendant to an evidentiary hear-
ing to determine the validity of his confession.*

12. CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAINING—DISCRE-
TION.

*Guilty pleas and plea bargaining are an important part of
criminal proceedings, and they should neither be restricted
unrealistically nor should appellate review be allowed to re-
place the discretion of the trial judge, who has the ability
to observe through confrontation whether a defendant is
pleading voluntarily and knowingly.*

Appeal from Recorder's Court of Detroit, Gerald
W. Groat, retired, and Thomas L. Poindexter, JJ.
Submitted Division 1 April 9, 1969, at Detroit.
(Docket No. 5,931.) Decided October 29, 1969. Re-
hearing denied December 12, 1969. Application for
leave to appeal filed January 2, 1970.

Doreen Carlisle pled guilty of assault with intent
to rob being armed and was placed on probation. At
a parole violation hearing she was sentenced to pris-
on. Defendant moved to withdraw her plea of
guilty. Motion denied. Defendant appeals. Re-
manded with instructions.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant.

Before: Lesinski, C. J., and Fitzgerald and V. J. Brennan, JJ.

Fitzgerald, J.  In 1965, when defendant-appellant was 22 years of age, she pled guilty to the offense of assault with intent to rob, being armed.[1] She was placed on probation, but she allegedly violated its terms and was sentenced to serve 2 to 20 years in prison.  In 1968, she filed a motion to withdraw her plea of guilty alleging failure of the trial court to inquire into the underlying facts and circumstances of the charge before accepting her plea which was heard by the successor to the trial judge. The motion was denied on the grounds that GCR 1963, 785.3, was substantially complied with in that statements made by her to the investigating detective showed that she was informed of a plan to commit a robbery; that she was a "lookout"; that she drove off with the money; and that she drove her accomplice, who was shot, to the hospital.  In other words, the court considered this confession to provide a subtsantial basis for the acceptance of her plea.

The trial court exhaustively questioned the defendant as to her unequivocal desire to plead guilty. It did not pursue the apparent intention and willingness of the defendant to discuss the circumstances

---

[1] CL 1948, § 750.89 (Stat Ann 1962 Rev § 28.284).

behind her plea.[2] The court did comply minimally with GCR 1963, 785.3(2), as to the plea being freely made, but did not meet the additional requirement that a defendant be carefully examined as to the nature of the accusation which must contain the elements of the crime charged. It is desirable that a defendant not plead guilty to a crime which she well may not have committed despite her willingness to believe to the contrary. *People* v. *Perine* (1967), 7 Mich App 292; *People* v. *Barrows* (1959), 358 Mich 267.

The recent case of *People* v. *Bartlett* (1969), 17 Mich App 205, is support for this holding that a guilty plea is properly taken when the court carefully inquires into the facts. However, even where there are elements of the crime charged which are not apparent in those facts revealed by the defendant during this careful questioning, they may be properly provided by reference to the preliminary examination. So if the court, reviewing all available facts, is satisfied that if there were a trial, the defendant might well be convicted, then the acceptance of the plea was correct. Such a factual basis is essential.

At the preliminary examination here, a confession by the defendant was read into the record. The confession was given to a detective without counsel present after she had stated to the assistant prosecuting attorney, a few hours previously, that she did not wish to talk, and asked, "If I want a lawyer what do I do?"

She now says she did not question the confession at the taking of the plea because evidence of the prior statement to the assistant prosecuting attorney was not in the court file and she could not know that the confession would be used to provide a factual

2 CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058).

basis for the unquestioned acceptance of her plea.
The fact that the reviewing court which heard her
motion to withdraw the plea apparently relied heavi-
ly on the confession in denying the motion prompts
us to remand this case for a *"Walker* hearing" (*Peo-
ple* v. *Walker* [On Rehearing, 1965], 374 Mich 331)
to determine the legality of the obtaining of the con-
fession upon which the tender and acceptance of the
plea was based. *People* v. *Daniels* (1966), 2 Mich
App 395.

The only other evidence offered at the preliminary
examination was provided by a patrolman who tes-
tified that, based on a description and address of a
girl who drove the wounded man to the hospital,
he went to defendant's house. She there stated that
she did drive the man to the hospital *after he came
to her house and asked her to do so.*

If the *Walker* hearing reveals that the confession
was involuntary and thus improperly taken at the
preliminary examination, the trial court should
further inquire into the facts of the case before
again accepting this plea as was done in *Daniels,
supra.* If the confession was proper, taken together
with the testimony of the patrolman, then a sufficient
factual basis appears to exist, despite the absence
of the desirable examination of the defendant.

Remanded for a hearing on the voluntariness of
the confession based on *People* v. *Walker, supra.* If
the confession is found to have been involuntarily
made, then a new trial shall be had, otherwise the
cause is affirmed.

LESINSKI, C. J., concurred.

V. J. BRENNAN, J. (*dissenting*). The defendant
contends that her plea of guilty is invalid because
(1) the trial court failed to inquire into her conduct

before accepting her plea, as required by GCR 1963, 785.3, and (2) an allegedly invalid confession was used as an inducement to the plea. Neither of these claims, on the present record, supports a ruling that her plea is invalid.

As to the first claim, I cannot accept the majority's view that without some evidence on the record indicating the truth of the defendant's plea, the plea cannot stand. Although past decisions of both this Court and the Supreme Court adhere to this view,[*] the Supreme Court has recently held that noncompliance with the prophylactic standards of GCR 1963, 785.3, does not alone warrant the withdrawal of a plea. *People* v. *Dunn* (1968), 380 Mich 693; *People* v. *Stearns* (1968), 380 Mich 704; *People* v. *Winegar* (1968), 380 Mich 719. Before the withdrawal of a plea is justified, it must appear that the procedural fault affected the outcome:

"[A convicted defendant] has the burden of showing something more than technical noncompliance with a rule. Absent a showing of violation or denial of constitutional rights, he has the obligation of alleging in a motion to withdraw plea such facts as would, if true, substantiate a finding that there was noncompliance which resulted in a miscarriage of justice." *People* v. *Winegar, supra,* 733.

Without attempting to define the limits of this requirement, it seems that the reason accompanying a request to withdraw a plea must relate to the defendant's innocence in fact. See *People* v. *Dunn, supra,* 701. In this respect, the present defendant has failed to sustain her burden: the trial court asked her several times whether she was guilty of the crime charged, and she answered without hesita-

---

[*] *People* v. *Barrows* (1959), 358 Mich 267; *People* v. *Stewart* (1968), 10 Mich App 553; *People* v. *Perine* (1967), 7 Mich App 292; *People* v. *Goldfarb* (1967), 6 Mich App 7.

tion that she was; defendant was represented by counsel; and, most significantly, she does not assert that she is, in fact, innocent. I am unable to say that the trial court's failure to inquire into her conduct resulted in a "miscarriage of justice."

Defendant's second claim, that her plea is invalid because it was induced by an invalid confession, is founded on *People* v. *Daniels* (1966), 2 Mich App 395. Whatever the merit of that case, defendant has not shown that she is entitled to relief under it. Although she asserts in conclusory fashion that her plea was induced by an invalid confession, she does not state why the confession is invalid or how it was used to induce a plea of guilty. Failing to specify the facts underlying her claim, defendant has not established the need for an evidentiary hearing to determine its truth. *People* v. *Scruggs* (1968), 14 Mich App 47; *People* v. *Dickerson* (1969), 17 Mich App 201.

Neither *People* v. *Daniels, supra,* nor the majority of this panel has convinced me that a trial judge need go any further in accepting a plea than to be satisfied that it is tendered voluntarily and understandingly, that it was not induced by threats or promises, and that it reflects the defendant's guilt in fact. To require a trial judge to conduct an evidentiary hearing on the admissibility of a confession is to destroy the utility of the guilty plea. If that is to be the criterion, then it only follows that a hearing should be conducted on the admissibility of any evidence acquired before the plea. We might as well then forget pleas and have a full hearing on the merits.

We must accept the fact that guilty pleas and plea bargaining are an important part of criminal proceedings, and, because they are important, we should not restrict them unrealistically. We should not

allow review to replace the discretion of the trial judge, who has the ability to observe through confrontation whether a defendant is pleading voluntarily and knowingly.  Nor should we minimize or forget the presence of his counsel, who has discussed the case with his client and has reviewed the entire file so as to advise him properly.  Each case must be reviewed on its individual merits without requiring that a procedural checklist be carefully followed.  To require a checklist is to open the door for procedural error while we should be more concerned, I think, with the spirit of the law than with the letter of the law.

The record in this case clearly indicates that defendant voluntarily tendered her plea, that she knew what she was doing, and that she was pleading guilty because she said she was guilty.  I would affirm the denial of defendant's motion to withdraw her plea of guilty.