PEOPLE *v.* VAN BLARICUM

CRIMINAL LAW—PLEA OF GUILTY—ADMISSIONS—VOLUNTARINESS.
A criminal case is remanded for a hearing to determine whether defendant's plea of guilty was induced by the fact that he had previously made admissions, and if so whether the admissions were involuntary, where defendant was served by the prosecutor at arraignment with a notice of intention to use admissions made by him, and was informed of his right to counsel and trial by jury, and pleaded guilty, but where the record is insufficient to determine whether the plea was improperly induced by his admissions.

Appeal from Livingston, Paul R. Mahinske, J. Submitted Division 2 February 3, 1970, at Lansing. (Docket No. 7,432.) Decided February 24, 1970.

Harold Van Blaricum was convicted, on his plea of guilty, of breaking and entering an occupied dwelling with intent to commit larceny. Defendant appeals. Remanded for hearing, with instructions.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Thomas Kizer, Jr.,* Prosecuting Attorney, for the people.

*Sydney L. Ruby,* for defendant on appeal.

Before: LESINSKI, C. J., and McGREGOR and V. J. BRENNAN, JJ.

PER CURIAM. Defendant Harold Van Blaricum was convicted, following his plea of guilty, of breaking and entering an occupied dwelling with intent

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 867.

to commit larceny. MCLA § 750.110 (Stat Ann 1969 Cum Supp § 28.305). This appeal is brought as of right.

At the opening of defendant's arraignment, he was given a copy of the prosecutor's notice of intent to use admissions made by defendant.[1] Defendant was not asked by the court whether his admissions were voluntary, what circumstances they were given under or whether the *Miranda* warnings[2] were given; nor was he told that if he went to trial his confession would be subject to a *Walker* hearing[3] and might not be admissible against him. Defendant was informed of his right to counsel and trial by jury. He waived both and pleaded guilty.

The sole issue raised on appeal is whether the trial court erred in not informing defendant of his right to a *Walker* hearing, as an incident of the trial he was waiving. The issue is based on defendant's allegation on appeal that he was not given his *Miranda* warnings by the police, and that had he known of these rights and his right to a *Walker* hearing, he would have "insisted on his right to a jury trial" and incidental evidentiary proceedings. Defendant's claim that he was not warned of his constitutional rights prior to questioning is not disputed by the prosecutor.[4]

---

[1] The record does not indicate the content of the statement made by defendant.

[2] *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694).

[3] *People* v. *Walker* (1965 *on Rehearing*), 374 Mich 331.

[4] *Cf. People* v. *Scruggs* (1968), 14 Mich App 47, where we stated at 49:

"Defendant claims, which claim is denied by the people, that he was not advised of his constitutional rights before he was questioned a short time after he was taken into custody. It does appear the defendant was not represented by counsel when he was then questioned. The defendant does not assert that he was influenced to plead guilty by the prospect there would be used against him upon trial any statements he may have made to his interrogators without benefit of counsel."

The record on appeal, however, is insufficient to determine whether defendant's plea was improperly induced by his admissions to the prosecuting authorities. The trial court did not ask defendant whether his plea was influenced by the existence of the admissions. As stated by this Court in *People* v. *Garza* (1968), 13 Mich App 189, 192: ·

"This Court has not hesitated in the past to remand a nonjury conviction for a *Walker* hearing when the substantial claim on appeal was that defendant's plea of guilty was based upon an illegal and involuntary confession. See *People* v. *Daniels* (1966), 2 Mich App 395, and *People* v. *Carlton* (1966), 5 Mich App 20."

We, therefore, remand for a *Walker* hearing to determine whether defendant's plea was induced by the fact that he had previously made admissions, and if so whether the admissions were involuntary. *Miranda* v. *Arizona* (footnote 2).

On remand, if the trial court determines either that the plea did not result from the existence of the admissions or that the admissions were voluntary, we see no basis for vacating defendant's plea. If, however, the plea was the result of an involuntary confession, the trial court is instructed to vacate the conviction and sentence and grant defendant a new trial.[5]

Remanded for actions consistent with this opinion.

---

[5] Judge V. J. BRENNAN concurs in this opinion, pointing out that this case is not similar to *People* v. *Carlisle* (1969), 19 Mich App 680, where defendant was represented by counsel who was present. In the instant case, defendant was not represented by counsel.

Judge BRENNAN further states that where defendant is represented by counsel at the plea, it is *not* incumbent upon the trial court to advise the defendant of his right to a *Walker* hearing.