PEOPLE *v.* CRAWFORD

CRIMINAL LAW—PLEA OF GUILTY—DUTY OF THE COURT.
> Trial court has no duty before accepting a plea of guilty to inquire *sua sponte* as to whether defendant gave an out-of-court confession, nor does the court have a duty to advise the defendant that he has a right to a hearing to determine whether his confession was voluntarily made.

Appeal from Genesee, Elza H. Papp, J. Submitted Division 2 September 1, 1970, at Detroit. (Docket No. 9,606.) Decided October 27, 1970.

Charles Crawford was convicted, on his plea of guilty, of uttering and publishing a forged check. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Roger W. Kittendorf,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and LEVIN and O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

---

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 486, 487, 489–492.

Per Curiam. Defendant appeals from a guilty plea-based conviction of February 2, 1970, on the charge of uttering and publishing a forged check. Defendant claims that the trial court erred in failing to inquire *sua sponte* as to whether defendant had made a confession to the police prior to his plea of guilty and as to whether the confession was the reason for his plea. Defendant contends that the court erred in failing to advise him *sua sponte* of his right to a *Walker*-type hearing to determine the voluntariness of his plea. Defendant further claims that certain remarks of the trial judge at the time of the defendant's arraignment intimidated him and that these remarks induced his plea of guilty. The people move to affirm.

As to defendant's first claim of error, the trial court has no duty to inquire *sua sponte* as to whether defendant gave an out-of-court confession. Neither does the court have a duty to advise the defendant that he has a right to a hearing to determine whether his confession was voluntarily made. *People* v. *Lucy* (1970), 21 Mich App 252; *People* v. *Kinsman* (1970), 21 Mich App 242.

Defendant's claim that his plea of guilty was not voluntary because it was induced by remarks of the trial judge at defendant's arraignment is without merit. Defendant made no post-conviction motions and the facts before this Court do not support his claim, which therefore must be rejected. *People* v. *Scruggs* (1968), 14 Mich App 47; *People* v. *Mayfield* (1969), 16 Mich App 680.

The questions presented are unsubstantial. The motion to affirm is granted.