PEOPLE *v.* HEAD

1. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—FACTS OF OFFENSE.

A trial judge before accepting a plea of guilty must ascertain from the defendant that the plea is freely, understandingly, and voluntarily made; but the trial judge is not required to obtain from the defendant the facts of the offense (GCR 1963, 785.3[2]; MCLA § 768.35).

2. CRIMINAL LAW—PLEA OF GUILTY—FACTS OF OFFENSE—ESTABLISHING OFFENSE.

A plea of guilty establishes the crime charged and the guilty-pleading defendant's participation in the crime (GCR 1963, 785.3[2]).

Appeal from Wayne, Thomas J. Foley, J. Submitted Division 1 January 5, 1971, at Detroit. (Docket No. 8308.) Decided March 23, 1971.

Glenn Marvin Head was convicted, on his plea of guilty, of driving under the influence of intoxicating liquor, third offense. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Richard B. Whitney,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 485, 486.
[2] 21 Am Jur 2d, Criminal Law § 495.

Before: R. B. BURNS, P. J., and J. H. GILLIS and DANHOF, JJ.

DANHOF, J.   Once more this Court encounters an appeal taken as a matter of right from a plea of guilty.   Examination of the record discloses, more clearly than usual, that the defendant is not appealing his plea but appealing the sentence.   This is evident from the petition which the defendant filed in the trial court asking for the appointment of appellate counsel and which states:

"and he (defendant) petitions said court to appoint an attorney and to furnish such attorney with such portions of the transcript as he requires to prepare post conviction motions and/or to perfect an appeal.   *For sentence reduction*" (Emphasis added.)

It is interesting that the underlined portion was added to the printed form, obviously in the defendant's own hand, and exhibits his real reason for filing an appeal in this case.

The facts in the case are relatively simple.   Defendant was arrested upon a warrant issued by the Municipal Judge of the City of Lincoln Park on March 6, 1969.   The warrant charged the defendant with driving under the influence of intoxicating liquor, third offense, in violation of MCLA § 257.625 (Stat Ann 1968 Rev § 9.2325).   The defendant waived preliminary examination and was bound over to Circuit Court for Wayne County.   On May 8, 1969, defendant's retained counsel filed an appearance, and on the same date defendant appeared for arraignment before the Honorable Joseph A. Sullivan.   Defendant stood mute and a plea of not guilty was entered by the court.   On June 2, 1969,

a waiver of jury trial was executed and filed by the defendant.   On the same day defendant, accompanied by his retained counsel, entered a plea of guilty to the information as filed.   Thus, this is not a case of plea bargaining.

At the arraignment held before the Honorable Thomas J. Foley, Circuit Judge of the Third Judicial Circuit, defendant's retained counsel made the following statement:  "Your Honor, I have discussed the charge with my client, and gone over the facts, and we are prepared to plead guilty to the charge".   As stated before this is a relatively simple charge, not complicated or difficult to understand.   The information states:

"that Glenn Marvin Head late of the City of Lincoln Park in said county, heretofore, to wit, on the 28 day of February A.D. 1969 at the said City of Lincoln Park in said County, Wayne did then and there drive a motor vehicle, to wit: a Pontiac convertible, 1969 Michigan License Number EX 4613; upon and along Fort Street, in the said City of Lincoln Park, County of Wayne and State of Michigan, while he, the said Glenn Marvin Head was then and there under the influence of intoxicating liquor; he, the said Glenn Marvin Head, having been heretofore, to wit, on the 30th day of March A.D. 1964, and on the 11th day of March, A.D. 1965, convicted in the Justice Court of the Township of Taylor (March 30, 1964) and convicted in the Municipal Court of the City of Lincoln Park (March 11, 1965); of the offense of operating a motor vehicle while under the influence of intoxicating liquor, and the offense hereinbefore set forth constitutes a third or subsequent offense; and the said Glenn Marvin Head is so herein charged as a third or subsequent offender;"

At the arraignment the trial judge stated:

"Your counsel states you wish to offer a plea of guilty to the third offense drunk motor law, violation of the drunk motor law. Is that correct?

*"The Defendant:* Yes, sir.

*"The Court:* Are you aware that a third offense carries a penalty up to four years in prison, and/or a fine of $2,000? Are you aware of that?

*"The Defendant:* Yes, sir.

*"The Court:* You know that you could proceed and have a trial by jury, or waive the trial by jury and be tried by the court without a jury, and that this is up to you to decide? You understand that?

*"The Defendant:* Yes, sir.

*"The Court:* You understand that the court at this time has no idea what it will do with this case as far as a penalty is concerned because I haven't got a pre-sentencing report yet; I won't make up my mind until such time as I get that report? You understand that?

*"The Defendant:* Yes.

*"The Court:* Has anybody offered you any leniency or offered you any inducement to bring about this plea?

*"The Defendant:* No."

The court then advised the defendant that his previous driver's license had been suspended and that a plea in the instant case would bring about a revocation. The trial court then made the following statement:

"Knowing these things as I have explained them to you, do you still desire to plead guilty to the third offense violation of drunk motor law?

*"The Defendant:* Yes."

The trial judge sentenced the defendant to a term in the State Prison of Southern Michigan.

From that sentence defendant appeals. He alleges that the court failed to make sufficient inquiry as to the voluntariness of the plea and failed to in-

quire as to the nature of the defendant's acts so as
to ascertain the truth of the plea.

A review of the record indicates that there is no
question as to the voluntariness of the plea, and fur-
ther that the question of voluntariness not having
been raised before the trial court is not properly
before this Court. *People* v. *Taylor* (1970), 383
Mich 338.

The defendant asserts, however, that the record
is devoid of any factual basis of the plea and cites
to us the requirements of GCR 1963, 785.3(2), and
*People* v. *Perine* (1967), 7 Mich App 292. In *People*
v. *Perine, supra,* p 294, this Court stated the ques-
tion to be:

"Did the trial judge commit error in failing to
obtain from the defendant what acts in fact he had
committed so as to constitute the crime to which he
was entering a plea of guilty?"

The Court went on to point out (p 294):

"The record before us contains no examination of
the accused by the trial judge with respect to the
facts of the crime and defendant's participation in
it.
"This noncompliance with GCR 1963, 785.3(2),
is fatal to the validity of the plea. Whether a de-
fendant is represented by counsel or not such exam-
ination is required. *People* v. *Barrows* (1959), 358
Mich 267."

It appears to us that much of the confusion con-
cerning the requirements imposed on the trial court
during arraignment arises from the opinion in *Peo-
ple* v. *Barrows* (1959), 358 Mich 267. A reading of
that opinion and from the portions of the record
cited therein discloses that the defendant, Barrows,
never in fact himself pled guilty. Rather, the plea
of guilty was made by his attorney. The only state-

ment the respondent made was in response to a question from the court, "How old are you young man?" The respondent answered, "nineteen".

This writer has looked in vain for a requirement under GCR 1963, 785.3(2), in its predecessor, Court Rule No 35A (1945), or the statute, MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058), which requires the trial judge to obtain from the defendant the facts of the offense.   Nor, upon close scrutiny do we find such a requirement in *People* v. *Barrows, supra.*   In *Barrows,* Justice EDWARDS states (p 272):

"The direct questioning of a defendant by the trial judge on plea of guilty is required by the rule for the purpose of establishing the crime and the participation therein of the person pleading guilty. This is a precaution against involuntary or induced false pleas of guilty, and against subsequent false claims of innocence.

"In the present situation there are facts which establish an obvious inducement for the plea.   In addition, the defendant was young and this was his first experience with criminal court.   He protested his innocence at every point when given an opportunity to do so.   He protests innocence of the crime at this time."

Careful study of *Barrows, supra,* indicates that what is needed is an examination by the trial judge of the defendant in which the defendant himself and not through his attorney pleads guilty.   The trial court must ascertain from the defendant that the plea is freely, understandingly, and voluntarily made.   When this has been done and the plea accepted, then the purpose of the rule has been complied with, and it is the plea of guilty that establishes the crime charged and the participation of the defendant therein.

In the instant case the trial judge ascertained that the defendant knew and understood the charge and that he made a free and understanding and voluntary plea of guilty upon the advice and in the presence of his retained counsel. There is in this case no protestation of innocence, either at the trial level or at the appellate level, and it is clear that the defendant is not protesting his innocence, but rather, is objecting to the sentence which he received from the trial court.

Thus, upon the record presented to us, we are convinced that this defendant did freely, understandingly, and voluntarily plead guilty to the offense for which he was charged.

Affirmed.

All concurred.