## PEOPLE *v.* CHARLES THOMAS

1. CRIMINAL LAW — PLEA OF GUILTY — VOLUNTARINESS — FACTUAL BASIS.

   A trial judge, before accepting a plea of guilty, must ascertain from the defendant that the plea is freely, understandingly, and voluntarily made; but the trial judge is not required to obtain from the defendant the facts of the offense (MCLA § 768.35; GCR 1963, 785.3[2]).

2. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS.

   A plea of guilty, freely, voluntarily, and understandingly made, establishes the crime charged and the guilty-pleading defendant's participation in the crime.

3. CRIMINAL LAW—ATTEMPTED, UNLAWFUL POSSESSION OF A CREDIT CARD—PLEA OF GUILTY—FACTUAL BASIS.

   A sufficient factual basis for a plea of guilty of attempted possession of a credit card with intent to circulate or sell it without the consent of the cardholder was established where the nature of the offense had been explained to the defendant, the defendant indicated that he wished to plead guilty, and the defendant indicated the place and time the crime occurred (MCLA §§ 750.92, 750.157p).

Appeal from Recorder's Court of Detroit, Donald S. Leonard, J. Submitted Division 1 September 7, 1971, at Detroit. (Docket No. 9636.) Decided September 28, 1971.

Charles W. Thomas was convicted, on his plea of guilty, of attempted possession of a credit card

REFERENCE FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

with intent to circulate or sell it without the consent of the cardholder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Armand D. Bove,* for defendant on appeal.

Before: R. B. BURNS, P. J., and J. H. GILLIS and DANHOF, JJ.

PER CURIAM. The defendant was charged with possession of a credit card with intent to circulate or sell it without the consent of the cardholder. MCLA § 750.157p (Stat Ann 1971 Cum Supp § 28.354[15]). He pled guilty to attempted possession. MCLA § 750.92 (Stat Ann 1962 Rev § 28.287).

The trial judge examined the defendant personally and established on the record that the defendant was pleading guilty because he was guilty and that the plea was made willingly, freely, understandingly, and voluntarily. The defendant had counsel present, the court read the pertinent statute to the defendant, and the defendant was advised that the maximum penalty would be two years. There was not then, nor is there now, any protestation of innocence.

The issue presented is whether the trial court adequately examined the defendant as to the facts of the crime. In *People* v. *Head* (1971), 31 Mich App 491, it was held that GCR 1963, 785.3(2), MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058); and *People* v. *Barrows* (1959), 358 Mich 267 did not require the

trial judge to obtain from the defendant the facts of the offense.   The Court stated at p 496:

"Careful study of *Barrows, supra,* indicates that what is needed is an examination by the trial judge of the defendant in which the defendant himself and not through his attorney pleads guilty.   The trial court must ascertain from the defendant that the plea is freely, understandingly, and voluntarily made.   When this has been done and the plea accepted, then the purpose of the rule has been complied with, and it is the plea of guilty that establishes the crime charged and the participation of the defendant therein."

Furthermore, while the inquiry into the facts was minimal the record before us does show a substantial factual basis for the plea.   The nature of the offense had been explained to the defendant and he indicated that he wished to plead guilty.   The defendant then indicated that the crime occurred at the People's Outfitting Company located in downtown Detroit on December 19, 1969.   Thus, the defendant admitted that on December 19, 1969, at the People's Outfitting Company located in downtown Detroit he attempted to possess a credit card with the intent to circulate or sell it without the consent of the cardholder.   This constitutes a sufficient factual basis for the plea.

Affirmed.