PEOPLE v MAGNAN

Appeal from Kent, Roman J. Snow, J. Submitted Division 3 March 28, 1972, at Detroit. (Docket No. 12847.) Decided May 1, 1972.

William L. Magnan was convicted, on his plea of guilty, of entering without breaking. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Donald A. Johnston, III,* Chief Appellate Attorney, for the people.

*Gordon A. Doherty,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and LEVIN and O'HARA,* JJ.

PER CURIAM. Defendant pled guilty to the charge of entering without breaking and appeals. The people have filed a motion to affirm the conviction.

Upon examination of the record and brief, it is manifest that the questions sought to be reviewed are so unsubstantial as to warrant no argument or formal submission.

Motion to affirm is granted.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Judge Levin dissents because he is of the opinion that the issue raised is not unsubstantial (see *People v Perine,* 7 Mich App 292, 295 [1967]); and because it appears from the plea-taking transcript that the defendant was not advised that at a trial, as well as during the bench questioning,[1] he enjoys a right not to incriminate himself and that he would not be obliged to take the stand, and, therefore, in the light of *People v Jaworski,* 387 Mich 21 (1972) [decided March 9, 1972] an arguable

---

[1] The relevant questions and answers are as follows:

*"The Court:* You are William Lee Magnan?

*"A.* Yes, sir.

*"The Court:* And you reside at 307 Robey Place, Southeast?

*"A.* Yes, sir.

*"The Court:* And you are 23 years old?

*"A.* Yes, sir.

*"The Court:* Now, do you understand the charge that has been read to you in count 2 of the information?

*"A.* Yes, sir.

*"The Court:* Do you understand with respect to this charge that you are not required to make any statement of any kind?

*"A.* Yes, sir.

*"The Court:* Do you understand that you are not required to say anything that would incriminate yourself?

*"A.* Yes, sir.

*"The Court:* Do you understand with respect to this charge that you are entitled to a trial by jury?

*"A.* Yes, sir.

*"The Court:* Do you understand that at such a trial you have a right to confront and cross-examine all the people bringing this charge against you?

*"A.* Yes, sir.

*"The Court:* And do you understand further that before a verdict of guilty could be returned against you by a jury, the people would have to prove to that jury, and beyond a reasonable doubt, each and every element of the offense charged against you?

*"A.* Yes, sir.

*"The Court:* Knowing and understanding what your rights are, do you want a trial by jury?

*"A.* No.

*"The Court:* Are you prepared to waive your rights and enter a plea to the charge that has been read to you?

*"A.* Yes, sir.

*"The Court:* And how do you plead?

*"A.* Guilty."

question appears that might require reversal of the defendant's guilty-plea-based conviction.[2]

---

[2] It is not clear from *Boykin,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969), or *Jaworski,* whether the defendant is entitled to be advised that *at a trial* he would enjoy the right against self-incrimination, or whether advice generally, as here, of the right, which might be construed as pertaining only to the bench questioning then under way, will suffice.